The Commonwealth appeals from an order dismissing a complaint charging the defendant, Jon S. Andruk, with one count of cruelty to animals ( G. L. c. 272, § 77 ) and one count of malicious killing of a domestic animal ( G. L. c. 266, § 112 ). The judge found that the Commonwealth lost and or destroyed potential exculpatory evidence and that access to such evidence could have produced evidence favorable to the defendant's case. We reverse the order of dismissal.
Background. After investigating a report of a missing pet pig, the police discovered the pig dead in the defendant's front yard. The defendant and the alleged victim were neighbors with a long history of disputes. The police found the pig's carcass warm to the touch, wound side down, and in a pool of its own blood. After turning the pig over and discovering a puncture hole, an investigating officer identified the size and shape as being consistent with an arrow wound. The police did not find an arrow or blood trail in the immediate vicinity and told the alleged victim to preserve the carcass for further investigation. When the police asked the defendant about how the pig came to die in his front yard, the defendant shrugged his shoulders, and he subsequently refused to answer any further questions.
Four days later, a veterinarian conducted a "gross examination" of the pig carcass and determined that whatever projectile caused the two and one-half centimeter diamond shaped wound did not remain in the animal and had been removed. The police photographed the pig's carcass and the veterinarian took X-rays of the pig's carcass. Following the examination, the police allowed the alleged victim to bury the carcass of his pet pig. Based on the evidence ascertained during the investigation and knowledge that the defendant had owned a crossbow, the police filed a criminal complaint. Nearly one year later, the defendant filed a motion to dismiss arguing that by allowing the victim to bury the pig carcass, the Commonwealth lost or destroyed potentially exculpatory evidence. The judge allowed the motion.
Discussion. "A defendant who seeks relief from the loss or destruction of potentially exculpatory evidence has the initial burden ... to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the [evidence] would have produced evidence favorable to his cause." Commonwealth v. Dinkins, 440 Mass. 715, 717 (2004) (quotations omitted). "If a defendant meets this burden, the court proceeds to a balancing test and 'weigh[s] the culpability of the Commonwealth, the materiality of the evidence and the potential prejudice to the defendant.' " Commonwealth v. Kee, 449 Mass. 550, 554 (2007), quoting from Commonwealth v. Willie, 400 Mass. 427, 432 (1987).
At the motion hearing below, defense counsel stated: "What we could have found was ... the actual shape of the wound which is now forever destroyed ... the depth of the wound, because we don't have the pig anymore ... [and] whether or not there's any rust particles within the wound.... We'll never know there was ... wood fibers ... fiberglass particles ... or burn indications of the flesh ... from a bullet .... There's so many different scientific things that we could have found. But forget it. They're gone." This, as noted in Dinkins, is insufficient to carry the defendant's initial burden. See Dinkins, supra at 718 ("It is not enough for a defendant merely to argue ... that, with access to the evidence, his expert 'could have made potentially exculpatory findings.' ... '[C]ould have' is merely an introduction to speculation and is not a substitute for 'concrete evidence' "). See also Commonwealth v. Clemente, 452 Mass. 295, 310 (2008). Without a sufficient theory to support his conclusion, the defendant failed to meet his initial burden to show that there was a reasonable possibility that access to the pig's carcass prior to its burial would have been favorable to his case. See Kee, supra at 554.
Even if the defendant had properly established a reasonable possibility of potentially exculpatory evidence, the weighing of culpability, materiality, and prejudice would not justify dismissal. See ibid. "[A]bsent egregious misconduct or at least a serious threat of prejudice, the remedy of dismissal infringes too severely on the public interest in bringing guilty persons to justice." Commonwealth v. Cinelli, 389 Mass. 197, 210, cert. denied, 464 U.S. 860 (1983). Here, there was no evidence of "egregious misconduct" on the part of the Commonwealth and any potential prejudice could have been remedied at trial.
Conclusion. The order allowing the defendant's motion to dismiss is reversed, and the case is remanded for further proceedings consistent with this memorandum and order.
So ordered.
Reversed.